PLOZKE *v.* DETROIT UNITED RAILWAY.

1. NEGLIGENCE—EVIDENCE OF INJURIES—DAMAGES—INSTRUCTIONS
   TO JURY—STREET RAILWAYS.
   In an action for injuries to a passenger while riding on defend-
   ant's street car, it was not error to submit to the jury her
   testimony concerning her nervous condition, insomnia and
   pain in her arm and ankle, following the injury, although
   her physician testified that she did not show any effects of
   nervousness, that she did complain to him of her right arm,
   that the insomnia might result from such an accident, and
   it would be impossible to tell how long the ill effects might
   continue.

2. SAME—DAMAGES.
   Two thousand dollars is not so excessive an amount, under the
   testimony, as to warrant the setting aside of the verdict.

Error to Wayne; Hosmer, J. Submitted June 14, 1910.
(Docket No. 9.) Decided September 27, 1910.

Case by Augusta Plozke against the Detroit United
Railway for personal injuries. A judgment for plaintiff
of $2,000 damages is reviewed by defendant on writ of
error. Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*Sellers & Sellers* (*Cassius Hollenbeck*, of counsel),
for appellee.

McALVAY, J. The injury to plaintiff for which this
suit was brought occurred while she was riding as a
passenger on a car of defendant in the city of Detroit,
when a car was derailed. It is the same occurrence de-
scribed briefly in the case of *Mueller* v. *Railway*, *ante.*,
313 (127 N. W. 325), to which reference is had. No further
facts and details as to how the accident occurred are
given, for the reason that there is no dispute upon these

facts. Upon the trial no evidence was presented on the part of defendant. Plaintiff recovered a verdict of $2,000. Defendant is before this court upon writ of error, claiming that the verdict was excessive, and not justified by the evidence, also that the court erred in permitting the jury by his charge to consider the testimony given by plaintiff relative to her physical condition at the time of the trial, claimed by her to have been the result of her injury.

As we understand defendant's contention, it is that, because of the testimony of plaintiff's attending physician as to her condition, her testimony which tended to show a condition up to the time of the trial claimed as resulting from the accident should have been stricken out and withdrawn from consideration. The trial occurred October 20, 1909. The physician first attended her March 27, 1908, two days after the injury. His testimony as to the external injuries visible and found by him is that they were not very severe, and from those, as far as he could say, she had recovered. He says:

"The subjective symptoms were the most severe—the limited motion when she went to turn. We can tell when a person is actually hurt or faking in a complaint of that sort, because they will show that it hurts them when they move. * * * Her motions were limited, showing that she had been strained and sore. There is no doubt in my mind that plaintiff had been injured."

As to whether she had received any nervous shock, he said:

"She suffered some, of course. She was not unconscious, and she was not paralyzed. I have treated her since. The attendance was pretty complete after the accident up to the latter part of April, and then I saw her off and on up to September 24th of this year. The treatment up to that time was for nervousness that she complains of. I did not know her before the accident."

He proceeded:

"Well, of course, symptoms are entirely subjective."

He explained that subjective symptoms were things which she complained of, for which he was obliged to take her word.

"I treated her for insomnia and nervousness, and that treatment extended to September of this year. There were no objective symptoms except what I have stated. As to other matters, I have got to determine them upon the history of the case as given by the patient. I ascertained from time to time as nearly as I could what her condition was."

He stated that the injury to the ankle was nothing severe; that the last time he examined her was on September 24th.

"From the condition which I saw then, I would say in regard to the character of the injuries that there is no evidence of permanency in the symptoms which she presents."

He treated her in September for lack of power to sleep, as she claimed, and had treated her from time to time since the accident for that complaint. She had been in the office quite often complaining of nervousness and inability to sleep. To a question stated hypothetically describing the accident, injury, etc., the doctor answered that it might produce insomnia. To a question by the court, he answered that such injuries as she gave evidence of when he saw her could be followed by such nervousness and insomnia; that it would be impossible for anybody to tell how long it would continue. On cross-examination he said:

"A person simply looking at her would say that she had healed up and recovered; that she did not have the appearance of a nervous person. All the patient's reflexes are perfect, which shows that all her powers as far as they are concerned are all right."

He said she might be suffering from the result of the injury, and no one would or could explain it but herself.

Plaintiff testified that, on being struck on the forehead at the time of the accident, she became unconscious, and

knew nothing until she came to in the undertaker's shop. She said she was injured upon her nose, arm, chest, mouth, and ankle; that she was in the hospital three days, and confined to her bed at home for eight weeks; that, before the accident, she always had perfect health, doing her own work and going out to work, earning $6 and $6.50 a week. Since the accident she is always sick, dizzy, and, when the weather changes, in pain; that she cannot do her own work now, but must keep her daughters at home for that purpose; that she cannot sleep on account of pains in her arm, chest, and ankle; that she cannot breathe through her nose. The doctor was recalled for further cross-examination, stating that plaintiff did complain to him of her right arm; that he had no opinion as to its cause; that it might be rheumatism or neuralgia; that there was no ocular evidence after the accident to warrant the supposition that this would follow, yet accidents were erratic, and "you cannot tell what will follow." We have given the substance of all the testimony bearing upon this question.

The charge excepted to is as follows:

" I am asked to charge you that there is no evidence in the case from which you can find that the trouble with the plaintiff's right arm, of which she now complains, has resulted from the derailment or the injury received thereby. I cannot say that, gentlemen of the jury. If you find that she was not suffering from the injury of which she now complains before, and she suffers now from the injury, I think it is a matter you may take into consideration, and I think it is a matter you may find. To what extent she suffers in that respect in the right arm at the present time is, of course, wholly a question for you. It is for you to say what credence any of the witnesses which have sworn shall have in your sight."

We do not agree with defendant's contention. For the court, under the circumstances, to have taken the course urged would have been palpable error. The testimony of the plaintiff was material and received without objection. The substance of the testimony of the physician who

had treated her up to within 30 days of the trial is that although she is, as far as can be seen, recovered, and nothing you could see would warrant one in supposing that the present condition as stated by her would follow this accident, yet it might follow. The question was for the jury. There was not the slightest intimation that the plaintiff falsified. The jury reconciled the testimony of both witnesses, and found for plaintiff. It is not a case where this court will reverse the action of the trial court in refusing to set aside this verdict because it is excessive. The record in our opinion contains nothing which would warrant such action on our part.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.